UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| STEVEN JOHN HECKE, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:23-CV-286-HAB-SLC |
| RICHARD BECK, et al., | |
| Defendants. | |

OPINION AND ORDER

Steven John Hecke, a prisoner without a lawyer, filed a sprawling complaint against 47 defendants, raising several claims about various aspects of his confinement at the Allen County Jail ("ACJ") from January 2020 to April 2022. ECF 1. He sues an unknown nurse and the ACJ kitchen manager for preventing him, a Messianic Jew, from observing Passover as he wished in 2020, 2021, and 2022. ECF 1-1 at 4-14. He sues Chaplain Tim Dettison for providing religious and rehabilitative services favoring Christianity. *Id.* at 16-17. He sues nine defendants[1] for a violation of due process under the Fourteenth Amendment, alleging a policy or practice of locking down an entire cellblock for the actions of a few inmates. *Id.* at 19-25. He sues eighteen defendants[2] for

---

[1] (1) C.O. Andrew Chadwell, (2) C.O. Pinnock, (3) Sgt. Wykas, (4) Cpl. Gary M. App, (5) Sgt. Scott Sanderson, (6) Disciplinary Officer Penny Lake, (7) L.T. Vashun, (8) J. Weise, and (9) Unknown Officers. ECF 1-1 at 19.

[2] (1) C.O. Baldwin, (2) C.O. King, (3) C.O. Birgette, (4) C.O. Schram, (5) C.O. Betty, (6) C.O. Gore, (7) C.O. Fries, (8) C.O. Wright, (9) C.O. Toledo, (10) C.O. Lemons, (11) C.O. Finley, (12) C.O. Arnold, (13) C.O. Brenneman, (14) C.O. Adams, (15) C.O. England, (16) C.O. Rinehart, (17) C.O. Goodman, and (18) Unknown Officers. ECF 1-1 at 27.

not providing him with the ice a jail physician ordered to treat a shoulder injury. *Id.* at 27-28. He sues Dr. Galperin for denying his request to receive a second mat to sleep on. *Id.* at 28-29. He sues six defendants[3] for a Fourteenth Amendment violation of failing to maintain the jail in a safe and sanitary condition, including inadequate shower facilities, a ventilation system that presents a fire hazard, and frequent water outages leading to a lack of drinking water and non-flushable toilets for several hours at a time. *Id.* at 30-36. He sues ten defendants,[4] alleging a policy or custom of denying restroom access in violation of the Fourteenth Amendment. *Id.* at 36-44. He sues Quality Care and four individual employees[5] for inadequate mental health services, alleging Quality Care hired unqualified providers to treat mental health conditions. *Id.* at 44-50. He sues three U.S. Marshals[6] alleging they are liable for the other violations because he was being held as a federal pretrial detainee. *Id.* at 52-56. And, finally, he sues Allen County Commissioner Richard Beck, Allen County Sheriff David Gladieux, and Allen County Jail Commander David Butler, alleging that all of the issues he complains of were a

---

[3] (1) Commissioner Richard Beck, (2) Sheriff David Gladiuex, (3) Commander David Butler, (4) Assistant Commander Shawn Sickafoose, (5) Cpl. Dunn (as block inspector), and (6) other unknown jail officials in charge of weekly inspections. ECF 1-1 at 30.

[4] (1) C.O. Miller, (2) C.O. Pinnock, (3) C.O. Dominic Caccamo, (4) Cpl. Garry M. Apps, (5) Steven Newsome, (6) Andrew Chadwell, (7) Cpl. Scott Sanderson, (8) Commander David Butler, (9) Assistant Jail Commanders Shawn Sickafoose, and (10) unknown correctional officers on second shift.

[5] (1) an unknown while male employee, (2) an unknown black female employee, (3) Nurse Jordan, and (4) Dr. Galperin. ECF 1-1 at 45.

[6] (1) U.S. Marshal Mike, (2) U.S. Marshal Eric Anderson, and (3) U.S. Marshal in charge of federal pretrial detainment. ECF 1-1 at 52.

2

result of the unconstitutional overcrowding identified in the class action *Morris v. Sheriff of Allen County*, No. 1:20-cv-34-DRL (N.D. Ind. decided Mar. 31, 2022).[7]

These claims are not all related and therefore cannot be brought in a single lawsuit. Claims are related either if the same defendant is involved in each claim <u>or</u> if the claims all stem from the same transaction or occurrence and there is a common question of law or fact. FED. R. CIV. P. 18(a), 20(a)(2). Hecke attempts to link these claims by alleging that they all stem from the overcrowding and understaffing conditions at the jail. But he does not provide factual content to plausibly link the actions of individual staff members to those systemic conditions so as to bring claims ranging from his religious practice to his medical care to his access to the restroom in the same case.

"[U]nrelated claims against different defendants belong in different suits," *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). When a plaintiff files a complaint with unrelated or mis-joined claims, the court may allow the plaintiff to decide which properly joined and related claims to pursue in the current case and when (or if) to bring the other claims in separate suits. *See Wheeler v. Wexford Health Sources, Inc.*, 689

---

[7] In *Morris*, the court certified a class of "all persons currently confined, or who would in the future be confined, in the Allen County Jail" under Federal Rule of Civil Procedure 23(b)(2) for injunctive and declaratory relief. *Morris*, No. 1:20-cv-34, 2022 WL 971098, at *1. The court found at summary judgment that certain conditions of confinement at the Allen County Jail violated the Eighth and Fourteenth Amendments to the Constitution: "The overcrowding problem at the jail—which in turn has spawned an increased risk of violence, unsanitary and dangerous conditions in cells, insufficient recreation, and classification difficulties—has deprived this class of inmates 'the minimal civilized measure of life's necessities.'" *Id.* at *5 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The court entered a permanent injunction to address the overcrowding, lack of sufficient staffing and recreation, and inadequate supervision of prisoners, and it continues to monitor the remediation of the unconstitutional conditions. *Id.* at *17.

F.3d 680, 683 (7th Cir. 2012) (District courts may direct a plaintiff "to file separate complaints, each confined to one group of injuries and defendants."). Hecke needs to decide which related claims to bring in this case. To do so, he must file an amended complaint with only related claims. If he wants to pursue any other claims, he must file a separate complaint for each group of unrelated claims. Each complaint will be assigned a new case number and proceed as an independent case, subject to the usual constraints of the Prisoner Litigation Reform Act.

For these reasons, the court:

(1) DIRECTS the clerk to place this case number on a blank **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form and send it to Steven John Hecke;

(2) GRANTS Steven John Hecke until **January 5, 2024**, to file an amended complaint on that form;

(3) CAUTIONS Steven John Hecke if he does not respond by the deadline, the court will select a related group of claims and dismiss the others; and

(4) DIRECTS the clerk to send Steven John Hecke four blank prisoner complaint packets so he can file the unrelated claims in separate cases if he wants to do so.

SO ORDERED on November 28, 2023.

s/Holly A. Brady
CHIEF JUDGE
UNITED STATES DISTRICT COURT