UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| STEVEN JOHN HECKE, <br><br> Plaintiff, <br><br> v. <br><br> RICHARD BECK, DAVID GLADIEUX, DAVID BUTLER, MIKE, ERIC ANDERSON, and U.S. MARSHAL, <br><br> Defendants. | CAUSE NO. 1:23-CV-286-GSL-SLC |

OPINION AND ORDER

Steven John Hecke, a prisoner without a lawyer, filed a complaint spanning more than 200 pages against more than three dozen named defendants and countless additional unnamed defendants, raising claims from his pretrial detention at the Allen County Jail, which spanned from January 13, 2020, through April 19, 2022. ECF 1. Because not all of the claims were related, the court instructed Hecke to file an amended complaint that contained only related claims. ECF 8. Instead of doing so, Hecke filed an objection, arguing that all of the claims, in fact, were related. ECF 10. The court reiterated that the claims were unrelated and instructed him again to file an amended complaint with only related claims. ECF 14. He was told if he did not do so, the court would choose a claim for him and dismiss the rest. *Id.* The deadline to file an amended complaint passed more than a month ago and he did not file an amended complaint. The court, therefore, will choose a claim for him. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (allowing district courts to solve the problem of a

complaint with unrelated claims by "dismissing the excess defendants under Fed. R. Civ. P. 21").

In choosing a claim, the court will choose the first one in the complaint against Allen County Commissioner Richard Beck, Allen County Sheriff David Gladieux, Allen County Jail Commander David Butler, U.S. Marshal Mike, U.S. Marshal Eric Anderson, and U.S. Marshal in charge of federal pretrial detainment based on alleged injuries stemming from the unconstitutional conditions of confinement identified in the class action *Morris v. Sheriff of Allen County*, No. 1:20-CV-34-DRL, 2022 WL 971098 (N.D. Ind. Mar. 31, 2022). ECF 1-1 at 1. In *Morris*, the court found at summary judgment that certain conditions of confinement at the jail violated the Eighth and Fourteenth Amendments to the Constitution: "The overcrowding problem at the jail—which in turn has spawned an increased risk of violence, unsanitary and dangerous conditions in cells, insufficient recreation, and classification difficulties—has deprived this class of inmates 'the minimal civilized measure of life's necessities.'" *Id.* at *5 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The court entered a permanent injunction to address the overcrowding, lack of sufficient staffing and recreation, and inadequate supervision of prisoners, and it continues to monitor the remediation of the unconstitutional conditions. *Id.* at 17.

However, simply being at the jail during the period relevant to this class action is not enough to receive damages. Overcrowding, on its own, does not state a constitutional claim, and instead the court must look to the effects the overcrowding has on the conditions of confinement. *See Bell v. Wolfish*, 441 U.S. 520, 541 (1979) ("While

2

confining a given number of people in a given amount of space in such a manner as to cause them to endure genuine privations and hardship over an extended period of time might raise serious questions under the Due Process Clause as to whether those conditions amounted to punishment, nothing even approaching such hardship is shown by this record."). Hecke implausibly alleges that everything in the 200 pages that follow are connected to the overcrowding, but the court is unable to easily sort out the allegations relevant to the overcrowding from those stemming from other causes. Therefore, Hecke will be required to file an amended complaint that complies with the federal rule's instruction to include only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). To state a claim, Hecke must allege how the overcrowding caused unconstitutional conditions of confinement and explain how he was personally affected by those conditions; a necessary element of a constitutional tort is "that the officer's act . . . caused any injury." *Whitlock v. Brueggemann*, 682 F.3d 567, 582 (7th Cir. 2012); *see also Jackson v. Pollion*, 733 F.3d 786, 790 (7th Cir. 2013) ("[T]here is no tort—common law, statutory, or constitutional—without an injury, actual or at least probabilistic.").

In choosing this claim, the court expresses no opinion on whether Hecke will ultimately state a claim against these defendants. That analysis under 28 U.S.C. § 1915A will occur after Hecke provides the court with an amended complaint that complies

with this order. To file an amended complaint, Hecke must write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which the clerk will send him. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) DISMISSES Unknown Nurse, ACJ Kitchen Manager, Tim Dettison, Vashon, Pinnock, Andrew Chadwell, Wykasi, Scott Sanderson, Gary M Apps, Penny Lake, J. Wiese, Unknown C.O., Baldwin, King, Birgette, Schram, Finely, Arnold, Brenneman, Betty, Gore, Fries, Wright, Toledo, Lemons, Adams, England, Rhinehart, Goodman, Galprin, Shawn Sickafoose, Dunn, Unknown Designated Jail Officials, Unknown C.O.s, Miller, Dominic Caccamo, Steven Newsome, Quality Care, Quality Care Employee, Quality Care Employee, and Jordan under Fed. R. Civ. P. 21;

(2) DIRECTS the clerk to write this cause number on a blank **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form and send it to Steven John Hecke;

(3) GRANTS Steven John Hecke until **July 29, 2024**, to file an amended complaint containing only claims related to the overcrowding at the Allen County Jail and that complies with Fed. R. Civ. P. 8; and

(4) CAUTIONS Steven John Hecke if he does not respond by the deadline, this case will be dismissed as abandoned under Fed. R. Civ. P. 41(b).

SO ORDERED on June 26, 2024

/s/Gretchen S. Lund  
JUDGE  
UNITED STATES DISTRICT COURT

4