UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| STEVEN JOHN HECKE, <br><br> Plaintiff, <br><br> v. <br><br> RICHARD BECK, et al., <br><br> Defendants. | CAUSE NO. 1:23-CV-286-GSL-ALT |

OPINION AND ORDER

Steven John Hecke, a prisoner without a lawyer, filed a motion to reconsider the order screening his amended complaint. ECF 35. On June 6, 2025, the court screened the amended complaint, consisting of sixty-two pages, and allowed Hecke to proceed on the following claims: (1) a claim for damages against Sheriff David Gladiuex in his official capacity for being held in unconstitutionally overcrowded and understaffed conditions from January 13, 2020, through April 19, 2022, resulting in a denial of ice treatment for an injury in violation of the Fourteenth Amendment; and (2) a claim for damages against Commissioner David Beck and Sheriff David Gladieux in their official capacities for being held in unconstitutionally overcrowded conditions from January 13, 2020, through April 19, 2022, resulting in the overuse of lockdowns, keeping him unreasonably confined in a small space without enough room to exercise or move around in, in violation of the Fourteenth Amendment. ECF 30.

In the same order, the court declined to allow Hecke to proceed on allegations relating to his sleeping conditions or on allegations relating to fires set by other inmates.

*Id.* The court further declined to allow him to proceed against federal defendants. *Id.* Hecke now challenges these rulings in the motion to reconsider. The court has inherent authority to reconsider interlocutory decisions at any time before final judgment. *Terry v. Spencer*, 888 F.3d 890, 893 (7th Cir. 2018). "Motions for reconsideration serve a limited function; to correct manifest errors of law or fact or to present newly discovered evidence." *Eberhardt v. Walsh*, 122 F.4th 681, 688 (7th Cir. 2024). "Belated factual or legal attacks are viewed with great suspicion, and intentionally withholding essential facts for later use on reconsideration is flatly prohibited." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Id.* "Further, motions for reconsideration generally are not encouraged . . . because, in general, a district court's rulings are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Cima v. WellPoint Health Networks, Inc.*, 250 F.R.D. 374, 386 (S.D. Ill. 2008).

    A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in

2

fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

In the amended complaint, Hecke asserted the following claim:

### Count IV – Failure to Exercise Duty

35. [The defendants] are liable to Plaintiff for [the defendants'] failure to exercise their duty of care to Plaintiff by failing to maintain an adequate jail structure to house the inmate population, thus causing Plaintiff to sleep on a concrete floor with a cervical spine injury in violation of the Fourteenth Amendment.

36. Plaintiff realleges paragraphs one (1) through thirty-six (36).

37. From sometime in June 2020 through June 29, 2021, Plaintiff slept on a concrete floor in an overcrowded cell . . . Sleeping on a concrete floor for approximately a year without proper matting greatly increased Plaintiff's pain and suffering associated with Plaintiff's cervical spine injury.

38. It was reasonably foreseeable by [the defendants] that [the defendants] would house prisoners in [the jail] who were injured and injured prisoners would sleep on the floor.

39. Wherefore [the defendants] are liable to Plaintiff pursuant to the Fourteenth Amendment of the U.S. Constitution and Title 42 U.S.C. § 1983 for failing to maintain a proper jail structure. Plaintiff prays for a jury trial on this claim.

ECF 29 at 31-33. In reviewing this claim, the court interpreted Hecke's claim as focusing on the inflexible nature of the concrete sleeping surface without adequate cushioning and found that allegations did not plausibly state a claim. ECF 30 at 8-9.

Hecke now argues that the court should have reasonably inferred a plausible claim relating to sleeping conditions because Hecke had an injured arm and that getting up from the floor would cause him pain. While one might reasonably infer these facts from the amended complaint, it was also reasonable for the court to interpret Hecke's claim as focusing on the inflexible nature of the concrete sleeping surface. The allegations specifically pertaining to this claim highlighted this aspect of Heck's sleeping conditions; by contrast, the amended complaint is devoid of references to any pain caused by getting up from the floor. Given the structure of the complaint, the court cannot find that it erred in its interpretation of the claim relating to sleeping conditions. Further, the court declines to allow Hecke to pursue this claim on a theory that he did not assert in the amended complaint.

Hecke next argues that the court should have allowed him to proceed against Commissioner David Beck and Sheriff David Gladieux in their official capacities based on allegations that he was subjected to smoke inhalation from fires at the Allen County Jail that occurred because the ventilation system was coated with debris that presented an obvious fire hazard and because staff were too busy to search for contraband that other inmates used to set the fires. He contends that the amended complaint alluded to fires beyond those specifically described and that the inhalation of smoke from a jail fire and inhalation of secondhand cigarette smoke are materially different. In the screening

4

order, the court relied on *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999), in which a pretrial detainee asserted that secondhand smoke caused him to suffer "breathing problems, chest pains, dizziness, sinus problems, headaches and a loss of energy." The Seventh Circuit found that these effects "are not the sort of objectively serious injury or medical need that amounts to a denial of the minimal civilized measure of life's necessities, necessary to state a violation of the Fourteenth Amendment." *Id.* To Hecke's point, the harm from inhaling smoke from jail fires could potentially outweigh the harm from inhaling cigarette smoke depending on the specific facts and circumstances of an incident involving either type of exposure. However, the injuries actually alleged by Hecke included only watering and burning eyes and difficulty breathing and are less severe than the effects of secondhand smoke found by the Seventh Circuit to insufficiently serious to state a constitutional violation.

Further, the allegations in the amended complaint do not adequately suggest that jail staff's conduct was objectively unreasonable. *See Kemp v. Fulton Cnty.*, 27 F.4th 491, 497 (7th Cir. 2022) ("We hold . . . that the defendant officer must intend to carry out a certain course of actions; negligence is not enough. At that point, the remaining question is whether that course is objectively reasonable. If not, there is a Fourteenth Amendment violation."); *McCann v. Ogle Cnty., Illinois*, 909 F.3d 881, 886 (7th Cir. 2018) ("A pretrial detainee needed only to show that the defendant's conduct was objectively unreasonable."). According to the amended complaint, jail staff implemented a policy of removing inmates from the cell blocks, using industrial fans for ventilation, and conducting medical checks on the inmates. While Hecke appears to suggest that jail

5

staff might have acted sooner or more vigorously pursued preventative measures, jail staff cannot prevent every instance of inmate misconduct, and these allegations are too vague to plausibly suggest a course of objectively unreasonable conduct. For example, Hecke faults jail staff for failing to clean thick layers of dust and debris from the ventilation system, alleging that it prevented them from determining the source of the fire, but it is unclear how failing to clean the ventilation system would have impeded these investigative efforts.[1] Similarly, though Hecke faults jail staff for failing to locate the contraband used by other inmates to start the fires, he does not meaningfully explain how these fires were started, nor does he meaningfully describe the contraband used to start the fires. Instead, he merely refers to the contraband as a "wick", but, assuming the ordinary meaning of that word, a wick could be formed from a variety of materials that are not contraband, including paperwork, toilet paper, clothes, and bedding. *See also Norwood v. Stopka*, 2021 WL 534665, at *1 (N.D. Ill. Feb. 12, 2021) ("As the name suggests, a wick is apparently a tightly rolled strip of hygienic tissue that can be used as a lighter or candle."). Therefore, the court will not allow Hecke to proceed based on his fire-related allegations.

Hecke further argues the court should allow him to proceed against the federal defendants based on his theory that they conspired with State defendants because he alleged that the federal defendants had knowledge of the unconstitutional conditions at

---

[1] In the amended complaint, Hecke also posited that it is reasonable to infer that the intake vents were dusty and covered in debris based on his observations of the intake vents. However, the nature of an operational ventilation system is that air regularly moves within it, and the purpose of a vent cover is to prevent dust and debris from entering the ventilation system. Consequently, the court cannot reasonably infer that the exterior and interior were similarly covered in dust and debris.

6

the Allen County Jail. In the screening order, the court observed that, to prove a conspiracy, Hecke needed to allege facts suggesting that the federal defendants and the State defendants reached an understanding to deprive him of his constitutional rights, and the court found that the amended complaint included no such facts. ECF 30 at 20-22.

> It is not sufficient to allege that the (private and state) defendants merely acted in concert or with a common goal. There must be allegations that the defendants had directed themselves toward an unconstitutional action by virtue of a mutual understanding. Even were such allegations to be made, they must further be supported by some factual allegations suggesting such a "meeting of the minds."

*Tarkowski v. Robert Bartlett Realty Co.*, 644 F.2d 1204, 1206 (7th Cir. 1980). "Although [the plaintiff is] pleading pro se, we believe that even a pro se litigant is required to allege something in the way of facts before his allegations of conspiracy may be deemed to state a claim." *Id.* at 1208.

Against this backdrop, the court cannot find a reasonable inference that the federal and State defendants reached a mutual understanding to deprive Hecke of his constitutional rights based solely on the allegation that federal defendants knew about the conditions of the Allen County Jail. It is not reasonable to infer that an individual has reached an understanding with State officials to violate someone's constitutional rights merely because that individual is generally aware of the constitutional violation. Therefore, the court declines to allow Hecke to proceed on claims against the federal defendants.

Additionally, Hecke asks to immediately appeal any unfavorable rulings on the motion to reconsider under Fed. R. Civ. P. 54(b). That rule states:

> <u>Judgment on Multiple Claims or Involving Multiple Parties.</u> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

"Rule 54(b) is not intended to provide an option to the district court to certify issues for interlocutory appeal." *Lottie v. W. Am. Ins. Co., of Ohio Cas. Grp. of Ins. Companies*, 408 F.3d 935, 939 (7th Cir. 2005). "Rather, Rule 54(b) allows appeal without delay of claims that are truly separate and distinct from those that remain pending in the district court, where separate means having minimal factual overlap." *Id.* "Even when claims are separate, an appeal ought not follow as of course." *Horn v. Transcon Lines, Inc.*, 898 F.2d 589, 592 (7th Cir. 1990). "The possibility that developments in the litigation may moot a claim suggests that appellate resolution be deferred." *Id.* "[I]n deciding whether there are no just reasons to delay the appeal of individual final judgments in setting such as this, a district court must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980). "Plainly, sound judicial administration does not require that Rule 54(b) requests be granted routinely." *Id.* at 10. "That is implicit in commending them to the sound discretion of a district court." *Id.*

8

Because Hecke seeks to proceed against the federal defendants on the basis that they conspired with the State defendants, any claims against the federal defendants would necessarily have substantial factual overlap with Hecke's claims against the State defendants. Further, the extent and effects of overcrowding and understaffing at the Allen County Jail are overarching issues spanning both the official-capacity claims on which Hecke has leave to proceed and the official-capacity claims that have been dismissed. Moreover, Hecke has provided no compelling basis to deviate from the norm of appealing a single time at the conclusion of this case." *See Lottie*, 408 F.3d at 940 ("To avoid time-consuming duplicative appeals, the norm in litigation is one appeal per case."). Consequently, the court declines to direct entry of final judgment with respect to any claims.

For these reasons, the court DENIES the motion to reconsider (ECF 35).

SO ORDERED on February 24, 2026

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT